

FILED
January 11, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004005582

1  THE SUNTAG LAW FIRM
   A Professional Corporation
2  DANA A. SUNTAG (California State Bar No. 125127)
   LORIS L. BAKKEN (California State Bar No. 215033)
3  The Kress Building
4  20 North Sutter Street, Fourth Floor
   Stockton, California 95202
5  Telephone: (209) 943-2004
   Facsimile: (209) 943-0905
6
7  Attorneys for Chapter 7 Trustee
   DOUGLAS M. WHATLEY
8
9              UNITED STATES BANKRUPTCY COURT
10              EASTERN DISTRICT OF CALIFORNIA

11 | In re                              ) Case No.: 11-32876-D-7
12 | SARLA DEVI PERALTA,                 ) DC No.: SLF-4
13 |        Debtor.                      ) **CHAPTER 7 TRUSTEE DOUGLAS M. WHATLEY'S MOTION TO SELL PROPERTY OF THE ESTATE AND COMPROMISE CONTROVERSY**
   |                                    )
   |                                    ) Date: February 8, 2012
   |                                    ) Time: 10:00 a.m.
   |                                    ) Place: Department D
   |                                    ) The Honorable Robert S. Bardwil

MOTION TO SELL AND
COMPROMISE CONTROVERSY                1

Chapter 7 Trustee Douglas M. Whatley moves for authorization to sell property of the estate and compromise a dispute with the Debtor as to whether the Debtor's repayment of a loan was a voidable preference or fraudulent transfer (the "Controversy").

On May 23, 2011, the Debtor filed this case. On or about June 28, 2011, the Trustee requested documents regarding the Debtor's business, Ram and Ram Associates, Inc. (the "Corporation"). The Trustee learned from the Debtor that the Debtor is the acting president of the Corporation and the owner of all of the Corporation's stock. The Debtor produced the documents. In reviewing the documents, the Trustee discovered that in November 2009, the Debtor, acting as president of the Corporation, signed an "Installment Note" (the "Note") for a loan of $50,000.00 from an individual named Hardip S. Singh (the "Lender") to be used for the Corporation to pay back payroll taxes. The Note does not state when payments are due, but states that "[p]rivilege is reserved by Maker to pay this Note in full by November 15, 2011, if payments are not paid in full, a penalty of twenty (20%) percent interest will be assessed on any unpaid principal."

The Trustee believes it is unclear from the Note whether the Debtor or the Corporation, or both, are liable under the Note. The first paragraph of the Note states that "all of the undersigned (collectively referred to as "Maker"), jointly and severally promise to pay" the Lender. The Note's signature block does not clearly obligate only the Corporation to repay the loan. The signature block appears as follows:

"Maker"

_____
Sarla D. Peralta, President
Ram and Ram Associates, Inc.

The Trustee learned that the Debtor repaid approximately $5000 on the loan within six months of the filing of this case. Then, in March and April 2011, within 90 days of the filing of this case, the Debtor repaid the remaining $45,000 (the "Payments"). It is not clear if these Payments are voidable as preferences or fraudulent

MOTION TO SELL AND
COMPROMISE CONTROVERSY                 2

1  transfers. Since the payment date on the loan is unclear, it is unclear whether the
2  Debtor's payments of $45,000 in March and April 2011 are payments on an antecedent
3  debt.
4        With respect to a fraudulent transfer analysis, if only the Debtor was liable
5  on the Note, she might argue the Payments were not fraudulent transfers since she
6  received consideration for the Payments in the form of debt forgiveness. However, one
7  could argue that the Payments were made with actual fraudulent intent under 11 U.S.C.
8  Section 548(a)(1)(A). Moreover, if only the Corporation was liable on the Note, or if both
9  the Debtor and the Corporation were liable on it, then the Debtor's repayment of the
10 loan could be a fraudulent transfer under either the actual fraud prong
11 (Section 548(a)(1)(A)) or the constructive fraud prong of Section 548(a)(1)(B) (the
12 "Controversy").
13       In an effort to avoid litigation with an uncertain outcome, the parties
14 entered into negotiations regarding a possible resolution of the Controversy and a
15 compromise was reached. Under the terms of the Compromise, the Debtor agreed to
16 pay the bankruptcy estate $17,500 (the "Settlement Amount") on or before December 1,
17 2011. The Debtor has paid the Trustee the full Settlement Amount.
18       Mr. Whatley believes the Compromise is in the best interests of the estate
19 and requests that the Court approve it under Federal Rule of Bankruptcy Procedure
20 Rule 9019(a) and that it grant such other relief as is just and proper.
21       In addition, the Trustee believes the bankruptcy estate has a potential
22 claim against the Lender to avoid and recover the Payments as preferences or
23 fraudulent transfers (the "Claim"). Conceptually, therefore, the Compromise is also a
24 sale of the Claim to the Debtor for the Settlement Amount. Again, The Trustee has
25 examined

| | | |
|---|---|---|
| 1 | the legal aspects of the Claim and believes the resolution is in the best interests of | |
| 2 | creditors. | |
| 3 | Dated: January 10, 2012 | THE SUNTAG LAW FIRM<br>A Professional Corporation |
| 4 | | |
| 5 | | BY: /s/ Dana A. Suntag<br>　　　DANA A. SUNTAG |
| 6 | | 　　　Attorneys for Chapter 7 Trustee<br>　　　DOUGLAS M. WHATLEY |